## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| AMY GARLAND, individually, and doing business as: SHOWTIME VIDEO | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:06-CV-14 (Phillips) |
| BELLSOUTH ADVERTISING AND PUBLISHING CORPORATION, and THE BERRY CORPORATION, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| BELLSOUTH ADVERTISING AND PUBLISHING CORPORATION and THE BERRY CORPORATION, | ) ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| V. | ) ) | |
| KNOXVILLE ADULT VIDEO SUPERSTORE, INC. and LYNN WORTHINGTON, | ) ) ) | |
| Third-Party Defendants. | ) | |

## MEMORANDUM AND OPINION

The matter before the Court involves a defamation claim. Defendants filed a motion for summary judgment [Doc. 31] on July 18, 2006. Plaintiff has not responded to defendants' summary judgment motion. For the reasons that follow, defendants' motion

1

for summary judgment [Doc. 31] is **GRANTED**.

I.      **Facts**

The Court merely provides an abridged summary of facts for the purposes of this opinion.  BellSouth Advertising and Publishing Corporation ("BAPCO") annually publishes the Real Yellow Pages ("Yellow Pages") in Tennessee, and The Berry Company ("Berry") is the sales agent in Tennessee for BAPCO that sells directory advertising in the Yellow Pages.

In November of 2004, third-party defendant, Lynn Worthington ("Worthington") represented to defendant Berry that she was the new owner of Showtime Video, located at 209 N. Hall Road, Alcoa, Tennessee.  Upon the request and insistence of Worthington to Berry, BAPCO published an advertisement in the 2005 Maryville-Alcoa Yellow Pages, which read as follows:

> Largest Adult Selection Anywhere
> Over 15,000 Movies
> All Of The New Releases Adult & General
> Novelties, Kamasutra, Costumes, Lingerie
> Magazines, Books, Art & Marital Aids
> "Knoxville's Only Upscale Adult Store"
> We Special Order Any Title
> Open 24 Hours A Day - 7 Days A Week

Included in the advertisement was the name "Showtime Video" with phone number and address.  The advertisement appeared under four headings in the 2005 Maryville-Aloca

Yellow Pages addition: (1) "Entertainers;" (2) "Lingerie;" (3) "Novelties;" and (4) "Videotapes, Discs & DVDs - Sales & Rentals." At no time did Worthington relay to defendants that she did not want the advertisement published.[1]

Although it appears that Worthington was negotiating to purchase Showtime Video, she never ultimately became the owner. Indeed, at the time the advertisement was published, Dan Smith ("Smith") was the owner. Approximately, one month after the subject advertisement was published, plaintiff Amy Garland ("Garland") signed a contract for the purchase of Smith's videostore assets.[2] Worthington did not contact the defendants to request that the advertisement be withdrawn; nor did she advise the defendants that Showtime Video was to be sold or was sold to Garland.

Under Garland's ownership, Showtime Video offered a variety of videos for rent to the general public, including adult entertainment videos. Defendants assert that Showtime Video's adult entertainment section was one of the most popular areas of the store.

Berry and BAPCO have filed the instant summary judgment motion based upon two grounds: (1) Smith was the only person with standing to bring a claim for defamation; and (2) the advertisement at issue was not defamatory.

---

[1] Worthington owns and operates Knoxville's Adult Video Superstore, located at 515 Lovell Road, Knoxville, TN 37932. She had purchased essentially the same advertisement for the Knoxville store to be published in the 2005 Knoxville Yellow Pages.

[2] The subject advertisement was published in the 2005 Maryville-Alcoa Yellow Pages on December 17, 2004, and Garland signed the contract for purchasing the business assets on January 15, 2005.

## II. Law Applicable to Rule 56 of the Federal Rules of Civil Procedure

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment will be granted by a court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. A court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris v. Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir.1997); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987).

Once the moving party presents evidence sufficient to support a motion under Rule 56 of the Federal Rules of Civil Procedure, the nonmoving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence, which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir.1996).

### III. Motion for Summary Judgment and Applicable Law

A defamation action accrues at the time of the publication of an allegedly defamatory statement and provides for the right to recover for alleged injury to a person's reputation. *See Applewhite v. Memphis State Univ.*, 495 S.W.2d 190 (Tenn. 1973); *Gibbons v. Schwartz*, 928 S.W.2d 922 (Tenn.Ct.App. 1996); *Stones River Motors, Inc. v. Mid-South Publ'g Co.*, 651 S.W.2d 713 (Tenn.Ct.App. 1983). Moreover, tort actions involving personal injuries and wrongs done to a person, reputation, or feelings of the injured party are unassignable. *Can Do, Inc. Pension and Profit Sharing Plan and Successor Plans v. Manier Herod, Hollabaugh & Smith*, 922 S.W.2d 865, 867 (Tenn. 1996).

In the instant action, Smith was the sole proprietor of Showtime Video at the time of publication. Therefore, he is the exclusive party with a justiciable interest in redressing any alleged defamation claim. Under Tennessee law, Smith could not legally assign the defamation claim to plaintiff Garland. Consequently, plaintiff's complaint against Berry and BAPCO must fail. The Court need not address whether the advertisement/statement was defamatory in nature.

## IV. CONCLUSION

For the reasons hereinabove set forth, defendants' motion for summary judgement [Doc. 31] is **GRANTED in its entirety.**[3]  Additionally, defendants' motion to dismiss as sanction for plaintiff's failure to obey order entered June 16, 2006 [Doc. 27] is **DENIED, as MOOT**.

**IT IS SO ORDERED.**

**ENTER;**

s/Thomas W. Phillips
UNITED STATES DISTRICT JUDGE

---

[3] Additionally, the plaintiff did not respond to defendants' motion for summary judgment within the applicable time frame.  Thus, the Court issued a show cause order [Doc. 35].  Pursuant to the order, the plaintiff was required to respond, in writing, on or before September 30, 2006, why defendants' motion for summary judgment should not be granted.  The Court advised the plaintiff that failure to respond or show adequate cause would result in dismissal of the matter pursuant to E.D.TN. LR 7.2.  To date, no response to defendants' motion for summary judgment has been filed by the plaintiff.  The Court finds that plaintiff's failure to respond to defendants' motion for summary judgment operates as a waiver of any opposition to the relief sought.